UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAROSLAVA NEILOVA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KRISTI NOEM, Secretary of the U.S. ) <br> Department of Homeland Security; and ) <br> SAMUEL OLSON, Immigration and Customs ) <br> Enforcement and Removal Operations Chicago ) <br> Field Office Acting Director, ) <br> ) <br> Respondents. ) | No. 25 C 14630 <br><br> Judge Sara L. Ellis |

## ORDER

The Court denies Petitioner's petition for writ of habeas corpus [1] and motion for a temporary restraining order [4]. Case terminated. See Statement.

## STATEMENT

Petitioner Jaroslava Neilova, who is a Slovakian citizen, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for a temporary restraining order ("TRO") on December 2, 2025, following her arrest and detention on that same day by immigration officials in the Chicagoland area. Respondents have taken the position that Neilova is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a) because the Department of Homeland Security ("DHS") issued her an order of removal on December 2, 2025. Neilova claims that she instead is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) because her removal order is invalid, that application of § 1231 or alternatively, § 1225(b)(2)(A), constitutes unlawful detention and violates the Immigration and Nationality Act ("INA"), and that Respondents have deprived her of due process by failing to provide her with a bond redetermination hearing. Neilova asks the Court to issue a writ declaring Respondents' detention of her under 8 U.S.C. § 1231(a) or § 1225(b)(2)(A) unlawful and ordering Respondents to release her or to schedule a bond hearing.

Neilova entered the United States in May 2010 via the Visa Waiver Program ("VWP"). The VWP "allows citizens of certain countries to visit the United States for up to 90 days without first applying for a visa if they waive their right to contest removal (except on asylum grounds)." *De Tommaso v. Napolitano*, 396 F. App'x 318, 319 (7th Cir. 2010); *see also* 8 U.S.C. § 1187. Neilova has stayed in the United States since her arrival in 2010. She now has two minor children, who are United States citizens aged fourteen and eight, with her partner. Neilova

and her family live in a home in the Chicagoland area that she and her partner bought ten years ago. Neilova has no criminal record and has never applied for asylum.

On December 2, 2025, Immigration and Customs Enforcement ("ICE") agents detained Neilova without a warrant while she was dropping her children off at school. Respondents brought Neilova to ICE's facility in Broadview, Illinois for processing and then relocated her to O'Hare International Airport with the intent to remove her to Slovakia that same day.

Neilova filed her petition and moved for a TRO in the afternoon of December 2, 2025. Shortly thereafter, the Court ordered that Respondents not remove Neilova from the jurisdiction of the United States and not transfer her to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651. Doc. 7. Respondents filed a response to Neilova's petition on December 4, 2025. The Court held a hearing with the parties on December 5, 2025, at which Neilova asked for the opportunity to file a reply and Respondents asked for the opportunity to file a sur-reply. The Court gave Neilova until December 8, 2025 and Respondents until December 10, 2025 to file their respective briefs. The Court held a hearing on December 15, 2025 and orally denied Neilova's habeas petition and motion for TRO. The Court briefly sets forth its reasoning here.

First, the Court finds that it has jurisdiction over Neilova's habeas claim insofar as she challenges the lawfulness of her current detention, not the underlying merits of her immigration status, arrest, or removal. Under 28 U.S.C. § 2241, federal courts have jurisdiction to review petitions for writs of habeas corpus filed by immigration detainees before and after a final order of removal has been issued. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *see also Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018). None of the jurisdiction-stripping provisions of § 1252 apply to this case where Neilova only challenges her allegedly unlawful detention without a bond hearing and no other immigration decisions. *See Valencia v. Noem*, No. 25 C 12829, 2025 WL 3042520, at *1–2 (N.D. Ill. Oct. 31, 2025) (rejecting Respondents' arguments that § 1252(a)(2)(B)(ii), § 1252(b)(9), or § 1252(g) prevent a district court's ability to consider habeas petitions for detention hearings); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610, at *2–3 (N.D. Ill. Oct. 20, 2025) (same); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *2–4 (N.D. Ill. Oct. 16, 2025) (same). The Court must limit its review, however, to the legality of Neilova's detention because its jurisdiction does not extend to the merits of Neilova's anticipated removal. *See* 8 U.S.C. § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders" (internal quotation marks omitted)); *Bayo v. Napolitano*, 593 F.3d 495, 500 (7th Cir. 2010) (noting that "[o]ther mechanisms, including notably habeas corpus, are no longer open to persons resisting VWP removal orders" under 8 U.S.C. § 1252(a)(5)).[1]

---

[1] 8 U.S.C. § 1252(a)(5) states that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)." *See also Bayo*, 593 F.3d at 500 (noting that the Seventh Circuit's scope of review is narrow but includes the authority to review VWP decisions).

Having defined the contours of this Court's jurisdiction, the Court first considers Neilova's detention. Though Respondents initially detained Neilova without an order of removal, they subsequently issued her a final removal order, thus subjecting her to detention under 8 U.S.C § 1231(a). This section states in relevant part that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" during which time "the Attorney General shall detain the alien." *Id.* § 1231(a)(1)(A); § 1231(a)(2)(A). Critically, the statutory text uses "shall," denoting mandatory detention. *See* Antonin Scalia & Bryan Garner, Reading Law: The Interpretation of Legal Texts 112 (2012) ("The traditional, commonly repeated rule is that *shall* is mandatory and *may* is permissive."). Further, § 1231 mandates detention once the removal period begins, which the statute defines as the "date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).[2] Respondents contend, and Neilova does not challenge, that the removal order is administratively final. Accordingly, the Court finds that Respondents have permissibly detained Neilova. *See Dambrosio v. McDonald*, No. 25-CV-10782-FDS, 2025 WL 1070058, at *1–2 (D. Mass. Apr. 9, 2025), *reconsideration denied sub nom. D'Ambrosio v. McDonald*, 793 F. Supp. 3d 271 (D. Mass. 2025) (concluding that the government lawfully detained the petitioner, who entered the United States through the VWP and overstayed the 90-day period, pursuant to 8 U.S.C. § 1231(a) because the government issued the petitioner a final order of removal after his apprehension).

While she does not contest the finality of her removal order, Neilova argues against the validity of the order of removal and asserts that her detention falls under § 1226 rather than § 1231. Although she admits to waiving her rights when she entered the United States via the VWP, she nonetheless maintains that she did not knowingly and voluntarily waive her right to an immigration hearing, therefore invalidating her VWP waiver and the removal order. But Neilova's argument challenging the validity of her removal order falls outside this Court's jurisdiction. *See Ferreyra v. Barr*, 962 F.3d 331, 333 n.2 (7th Cir. 2020) (noting that the courts of appeals have exclusive jurisdiction to review orders of removal in response to the plaintiff's argument that "the evidence did not show that he validly had waived his rights under the Visa Waiver Program and that his continued detention violated his due process rights"); *Molina v. Soto*, No. 25-CV-16880, 2025 WL 3281820, at *3 (D.N.J. Nov. 25, 2025) ("Insofar as Petitioner is challenging the validity of his order of removal on the basis that he could not waive his rights to relief from removal under the VWP as a minor upon entry into the United States or that Respondents contend Petitioner may not do so, this Court lacks jurisdiction to address such a claim."); *Vargas v. U.S. Dep't of Homeland Sec.*, No. 1:17-CV-00356, 2017 WL 962420, at *2 (W.D. La. Mar. 10, 2017) ("Although this Court has subject matter jurisdiction to consider Vargas's pre-removal detention, this Court does not have jurisdiction to consider Vargas's challenge to her removal order concerning her admission pursuant to the Visa Waiver Program.").

---

[2] Neilova has not filed an asylum application, which may have affected the finality of the removal order. *See Mitondo v. Mukasey*, 523 F.3d 784, 787 (7th Cir. 2008) (concluding that "the final disposition of an asylum-only proceeding" in a VWP case constitutes a "final order[] of removal").

Accordingly, the record does not provide any basis to conclude that Neilova's present detention violates the Constitution or federal law, and the Court must deny her petition for writ of habeas corpus [1].

Date:  December 15, 2025                                             /s/  Sara L. Ellis